# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION
## AT CINCINNATI
## CIVIL CASE NO: 10-391-SSB-TSH

**HAROLD COUCH,**                                                    **PETITIONER,**

**V.**

**WARDEN, MANSFIELD**
**CORRECTIONAL INSTITUTION,**                          **RESPONDENT.**


## REPORT AND RECOMMENDATION[1] THAT: (1) RESPONDENT'S MOTION TO DISMISS BE GRANTED; AND THAT (2) THIS PETITION FOR A WRIT OF HABEAS CORPUS BE DENIED.

On May 28, 2010, Petitioner Harold Couch, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 16, 2010, the Respondent filed a motion to dismiss in lieu of filing a complete Answer, on grounds that the petition is time-barred. Petitioner has filed a response in opposition to the dismissal of his petition. Consistent with local practice, the matter has been referred the undersigned for initial consideration and a report and recommendation pursuant to 28 U.S.C. § 636(b).

### I. Background

The lengthy procedural history of the conviction challenged by this federal petition was previously set forth in part by the state court:

> [¶1] In December 2000, defendant-appellant Harold Couch pleaded guilty to one count of aggravated robbery and one count of felonious assault. The court accepted his plea and found Couch guilty. In return for his guilty plea, the state dismissed the remaining charges. The court released Couch on a personal-

---

[1] **Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation**

recognizance bond and set sentencing for February 2001.

[¶2] But before his sentencing, Couch was arrested and convicted in Illinois for possession of a stolen vehicle.  Because Couch was incarcerated in Illinois, he was unable to attend his sentencing hearing [in Hamilton County, Ohio].  During his incarceration, Couch found time to draft on his own several handwritten motions to withdraw his guilty plea in the Hamilton County Common Pleas Court.  The court denied his motions.  Five years later, Couch was extradited to Hamilton County for sentencing, and through counsel, he moved to withdraw his guilty plea again.  His motion was again denied.

[¶3] The court sentenced Couch to the maximum terms of incarceration - eight years for felonious assault, and ten years for aggravated robbery, to run concurrently.  Couch now appeals. ....Couch's assignments in error are meritless, and we affirm the trial court's judgment.

[¶4] The first motion filed by Couch was captioned as a motion for concurrent sentences and was filed in February 2002. ...The court denied his motion.

[¶5]....Couch moved to withdraw his plea on four separate occasions, February 2002, July 2002, January 2005, and February 2006.  Each motion was denied by the trial court.

Doc. 10, Exh. 21, at 2-3. [2]

As referenced by the state court, in February 2006 Couch was extradited to Hamilton County for sentencing on the charges to which he had pled guilty in December 2000.  Through counsel, Couch filed a fifth motion to withdraw his plea, which motion was again denied by the trial court.  *Id*., Exh. 15 and 16.   On February 16, 2006, Petitioner was sentenced under his original plea to a total term of imprisonment of ten years.  *Id.,* Exh. 17.

Couch timely appealed his conviction, arguing that the trial court had erred by failing to permit him to withdraw his plea, by failing to credit him with time served during his incarceration, and by sentencing him to the maximum term of imprisonment.  On February 16,

_____

[2]In the electronic record of this court, Respondent filed as a single exhibit to his motion, or "Attachment 1," a conglomeration of 41 individually numbered Exhibits. For clarity, the court will use the Exhibit and page numbers as designated by the Respondent.

2007, the Ohio Court of Appeals rejected Petitioner's arguments and affirmed his conviction. *Id.,* Exh. 21. Couch did not seek further review by the Supreme Court of Ohio.

On May 22, 2007, Petitioner filed a pro se application to reopen his appeal pursuant to Rule 26(B), asserting ineffective assistance of trial and appellate counsel. Doc. 10, Exh. 22. On August 23, 2007, the First District Court of Appeals denied the motion as untimely. *Id.*, Exh. 23. Petitioner filed a motion for reconsideration, which motion was denied on September 26, 2007. *Id.,* Exh. 24, 25.

While his Rule 26(B) motion was still pending, on July 5, 2007, Petitioner filed a pro se petition for post-conviction relief, also alleging that trial counsel was constitutionally deficient. On September 10, 2007, the trial court dismissed the petition as untimely. *Id.*, Exh. 26, 27. Petitioner filed no appeal.

On December 28, 2007, undeterred by his initial lack of success, Petitioner filed a second pro se post-conviction "motion to vacate and void sentence" in Hamilton County Common Pleas Court. That motion was denied on January 7, 2008; again, Petitioner did not appeal.

On June 9, 2008, Petitioner filed a third pro se "motion to vacate, set aside or modify conviction and sentence pursuant to Ohio Revised Code 2953.21 an 2953.23" asserting that his original indictment for aggravated robbery "failed to charge the mens rea element" making his conviction "void as a matter of United States and Ohio law." *Id.,* Exh. 31. That motion was denied by the trial court on June 11, 2008.

In October 2008, Couch filed a motion and request for findings of fact and conclusions, which motion was denied on October 15, 2008.

On July 22, 2008, Couch filed a pro se notice of appeal seeking to appeal the June 11, 2008 denial of his third post-conviction motion. On June 24, 2009, the Court of Appeals

3

affirmed the denial of the post-conviction motion on grounds that the motion was untimely.

On August 3, 2009, Couch filed a timely notice of appeal before the Supreme Court of Ohio. On October 14, 2009, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question. *Id.,* Exh. 40.

Persistent if nothing else, Couch filed a fourth post-conviction motion in state court seeking the reduction/modification of his sentence. That proceeding remained pending as of the date of filing of Respondent's motion.

Petitioner filed the instant federal petition for writ of habeas corpus in May 2010. Petitioner seeks relief from this court on two grounds previously presented to the state courts: 1) the indictment failed to give petitioner legal notice of all elements by failing to charge the *mens rea* element of the crime; and 2) denial of effective assistance of both trial and appellate counsel based upon their failure to challenge the indictment at trial or on appeal.

The Respondent has moved to dismiss on the basis that the petition is time-barred. I agree, and therefore recommend that the Respondent's motion be granted.

## II.  Applicable Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner has only one-year in which to file a federal petition for writ of habeas corpus. *See* 28 U.S.C. §2244(d). The statute generally begins to run from "the date on which the [state court] judgment became final by the conclusion of direct review." 28 U.S.C. §2244(d)(1)(A). The one-year period of limitations is tolled, however, by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2).

In this case, the Court of Appeals affirmed Petitioner's conviction on direct appeal on

4

February 16, 2007.  Petitioner could have filed a further appeal with the Ohio Supreme Court within a 45 day period, but chose not to do so.  Therefore, his conviction became "final by the conclusion of direct review or the expiration of the time for seeking such review" on April 2, 2007.  28 U.S.C. §2244(d)(1)(A).   Petitioner had one year, or until April 2, 2008, in which to file a federal petition for writ of habeas corpus.  Because he did not file the present petition until (at the earliest) May 1, 2010,[3] the petition is clearly time-barred in the absence of the operation of a tolling provision.

Pursuant to 28 U.S.C. §2244(d)(2), the time in which a "properly filed application for State post-conviction or other collateral review" remains pending operates to toll, or extend, the one-year statute.  However, not every state post-conviction proceeding will toll the one year period; the state proceeding must be "properly" filed.

In this case, the Respondent persuasively argues that Petitioner's Rule 26(B) application and first post-conviction petition did not toll the statute of limitations because both were dismissed as untimely.   State postconviction motions that are rejected by a state court as untimely cannot toll the federal statute, because they are not "properly filed." *Allen v. Siebert*, 552 U.S. 3, 7 (2007).  "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of §2244(d)(2)," *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005); *see also Israfil v. Russell*, 276 F.3d 768 (6th Cir. 2001).

Petitioner's second state post-conviction motion, filed on December 28, 2007, tolled the

---

[3]The petition was signed May 1, 2010 but was not filed until four weeks later, on May 28, 2010.  The "prison mailbox rule" operates to render a petition "filed" on the date that it is placed in the prison mail system but that date is not clear from the face of the petition, which was transferred to this court from the Northern District of Ohio. As the petition is time-barred regardless of whether it should be considered to be filed on May 1, the court need not inquire further into the date of mailing.

limitations period to the extent that it appears to have been denied on the merits.  Doc. 10, Exh. 29, 30.  However, by the time that Petitioner filed his second post-conviction motion in state court, 269 days of the 365 day federal limitation period had elapsed.  The federal clock resumed running not later than February 6, 2008, 30 days after the state trial court denied Petitioner's second motion.  At that time, Petitioner had only 96 days remaining on the one-year clock, or until May 12, 2008, by which he was required to seek federal habeas relief.  He did not do so.

Petitioner's third and fourth state post-conviction motions had no impact on the federal limitations period, because they were not filed until after the federal time limit had expired.[4] Although a state post-conviction proceeding may toll the federal statute of limitations for seeking relief under §2254, tolling is ineffective where the petitioner waits until the one-year federal statute of limitations has expired before seeking state post-conviction relief.  *See Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079 (2007); *Vrocman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)(post-conviction motion may toll the limitations period, but will not restart the clock); *but see Jimenez v. Quarterman*, ___U.S. ___, 129 S. Ct. 681 (2009)(holding that one-year clock is restarted  in rare case when state court grants post-conviction relief in form of right to file out-of-time appeal before a defendant has first sought federal habeas relief).

### III.  Subject Matter Jurisdiction Claim - Other Bars to Federal Review

Petitioner argues that this court should not apply the limitations bar to his petition, because he seeks relief based upon an alleged defect in the court's subject matter jurisdiction. Petitioner argues that his conviction rests on a faulty indictment that failed to allege the element

---

[4]The third post-conviction motion was denied as untimely under state law.  Therefore, like Petitioner's Rule 26(B) and first post-conviction motions, the third post-conviction motion could not toll the federal statute because it was not "properly filed."

of *mens rea*, and that such a defect can be raised at any time in a federal post-conviction proceeding, irrespective of the statute of limitations.

Petitioner is mistaken.  Petitioner's underlying argument is based on *State v. Colon*, 118 Ohio St.3d 26, 885 N.E.2d 917 (2008), which held that the *mens rea* element of recklessness must be charged in an indictment for robbery under Ohio law, and that a failure to do so is a structural error which can be raised on appeal, notwithstanding an Ohio procedural rule that otherwise requires defects in an indictment to be raised prior to trial.

To the extent that Petitioner's argument as to the defect in indictment relies solely on state law, it provides no basis for federal relief.  As another court recently held in rejecting a similar claim brought by another petitioner under §2254:

> While Petitioner has an Ohio constitutional right to grand jury indictment, there is no such federal constitutional right.  That is, the Grand Jury Clause of the Fifth Amendment applies only to federal criminal charges and not to state charges.....Federal habeas corpus is available only to obtain relief from convictions obtained in violation of the federal constitution....

*Ervin v. Warden, United States Penitentiary, Lewisburg, Pennsylvania*, 2010 WL 1257900 at 2-3 (S.D. Ohio Jan. 12, 2010)(citations omitted); *see also Thompson v. Anderson*, 2010 WL 4025936 at 10  (N.D. Ohio March 19, 2010)(rejecting *Colon* claim because "claims of error in an indictment are state law claims not cognizable in habeas corpus, unless it can be shown that the defendant was denied fair notice of the charges...as to adequately prepare a defense").  Although unpublished, the reasoning of *Ervin* and *Thompson* is persuasive.

To the extent that Petitioner's argument could be liberally construed as resting on federal due process principles, his claim still fails to provide a basis for federal relief.  Other courts have found such claims to be procedurally defaulted because federal law has long held that the failure to include an essential element in an indictment may render the indictment defective, but such

7

errors are waived or defaulted if a defendant fails to present them at his earliest opportunity.  As explained recently by a presiding district judge in adopting a report and recommendation on precisely this point:

> *Colon* held only that "a defendant can challenge for the *first time on appeal* an indictment that omits an essential element of the crime," not that the defective indictment can never be waived throughout the appeal process. 885 N.E.2d at 33 (emphasis added). ...The [Petitioner's] objection...fails even to properly challenge the R&R's conclusion that Alston procedurally defaulted [the defective indictment claim].  In finding that Alston procedurally defaulted, the R&R rejected Alston's asserted cause: that he was unable to present the defective indictment claim until the Ohio Supreme Court reached its decision in Colon, at which point his habeas petition was pending. ... As the R&R correctly noted, Alston could have raised his defective indictment claim at any time...because it was based on a well-established doctrine of constitutional law - but failed to do so.

*Alston v. Voorhies*, 2010 WL 3895069 at 7-8 (N.D. Ohio Sept. 30, 2010); *see also Thompson v. Anderson*, 2010 WL 4025936 (defective indictment claim was procedurally defaulted based upon untimely Rule 26(B) motion and failure to present same claim on direct appeal; additionally holding that *Colon* does not apply to collateral motions for relief).

Finally, the fact that Petitioner pled guilty also forecloses relief.  As explained in *Kelley v. Brunsman*, 625 F. Supp.2d 586, 593 (S.D. Ohio 2009), to the extent that a *Colon* claim may be reviewed under §2254, a plain-error analysis applies when a defendant fails to object to the indictment.  In this case as in *Kelley*, Petitioner's guilty plea is a complete admission of the defendant's guilt; therefore, any possible defect in the indictment was not outcome-determinative and cannot constitute plain error. *Id.; see also Peeks v. Sheets*, 2010 WL 819407 (S.D. Ohio March 5, 2010)(holding that "petitioner waived his right to challenge any defect in the indictment by virtue of his guilty plea" and citing Ohio case law holding that when defendant enters a guilty plea, the type of structural error evident in *Colon* does not occur).

### IV.  Conclusion and Recommendation

Without question, this petition is time-barred.  In the alternative, the claims have been procedurally defaulted and offer no basis for relief under 28 U.S.C. §2254.  Accordingly, **IT IS RECOMMENDED THAT:**

1. The Respondent's motion to dismiss [Doc. 10] be **granted**, and that the petition for writ of habeas corpus [DE #1] be **denied** and dismissed with prejudice;

2.  A certificate of appealability should not issue with respect to any claim alleged in the petition, because no claim for relief states a "viable claim of the denial of a constitutional right" or presents issues that are "adequate to deserve encouragement to proceed further."  *See Slack ,* 529 U.S. at 475 (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b);

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis* from any Order adopting the undersigned's Report and Recommendation to deny habeas corpus relief on claims alleged in the petition, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of such Order would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


This 4th day of November, 2010.



Signed By:

*J. Gregory Wehrman*

United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**
**AT CINCINNATI**
**CIVIL CASE NO: 10-391-SSB-TSH**

**HAROLD COUCH,**                                                                 **PETITIONER,**

**V.**

**WARDEN, MANSFIELD**
**CORRECTIONAL INSTITUTION,**                                      **RESPONDENT.**


**NOTICE**

Attached hereto is the Report and Recommendation Decision of the Honorable J. Gregory Wehrman, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).