**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Harold Couch,                    )
                                 )
            Petitioner,          ) Case No. 1:10-CV-391
                                 )
      vs.                        )
                                 )
Warden, Mansfield                )
Correctional Institution,        )
                                 )
            Respondent.          )

O R D E R

        This matter is before the Court on Respondent's motion

to dismiss (Doc. No. 10), Magistrate Judge Wehrman's Report and

Recommendation of November 4, 2010 (Doc. No. 14) recommending

that Respondent's motion be granted, and Petitioner's objections

to the Report and Recommendation (Doc. No. 19).  Magistrate Judge

Wehrman concluded that Petitioner's petition for a writ of habeas

corpus is barred by the statute of limitations.  The Court

agrees.  Accordingly, Petitioner's objections are not well-taken

and are **OVERRULED**; the Court **ADOPTS** the Report and

Recommendation; Respondent's motion to dismiss is well-taken and

is **GRANTED.**

        Magistrate Judge Wehrman summarized the procedural

history of Petitioner's case in detail in his Report and

Recommendation.  Briefly summarized, Petitioner is serving a ten

year sentence following his 2006 convictions for aggravated

1

robbery and felonious assault.  He filed a timely direct appeal of his convictions and sentence, which was denied, but did not seek further review by the Supreme Court of Ohio.  Thereafter, Petitioner filed a series of motions to re-open his direct appeal and for post-conviction relief, all of which were denied, generally on the grounds of untimeliness.

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 28, 2010. Petitioner raised two assignments of error: 1) the indictment was defective for failure to include the mens rea element of the offense; and 2) he was denied effective assistance of counsel at both the trial and appellate levels based on counsel's failure to challenge the adequacy of the indictment.

Magistrate Judge Wehrman determined that the one year statute of limitations for federal habeas petitions commenced on April 2, 2007, which was the expiration of the time Petitioner could have sought further appellate review of his convictions and sentence with the Supreme Court of Ohio.  Therefore, according to Judge Wehrman's analysis, the statute of limitations expired on April 2, 2008, or well before Petitioner filed the instant petition.  Judge Wehrman also determined that Petitioner's subsequent motions to re-open his appeal and for post-conviction relief did not toll the statute of limitations because they were untimely under state law or because they were filed after the

federal statute of limitations expired.

Judge Wehrman also rejected Petitioner's contention
that he was entitled to relief from the statute of limitations
because the absence of the mens rea element from the indictment
was a structural defect divesting the trial court of subject
matter jurisdiction. Petitioner's argument was based on <u>State v.
Colon</u>, 885 N.E.2d 917 (Ohio 2008), in which the Court held that
failure to charge the mens rea element of aggravated robbery was
a structural error that could be raised for the first time on
direct appeal. Judge Wehrman concluded that a violation of state
law was not a basis for federal habeas relief and that in any
event, Petitioner had no right under the federal Constitution to
be charged by indictment. Judge Wehrman also found that even if
the indictment were defective, Petitioner waived this claim
because he failed to raise it at the earliest opportunity.
Finally, Judge Wehrman concluded that Petitioner waived any claim
of defect in the indictment by pleading guilty.

This Court reviews a magistrate judge's report and
recommendation on a dispositive issue like a motion to dismiss <u>de
novo</u>. Fed. R. Civ. P. 72(b).

The Court concurs with Judge Wehrman's assessment of
the applicability of the statute of limitations in this case and
need not recapitulate that analysis. Moreover, the Court notes
that the Supreme Court of Ohio recently overruled <u>Colon</u> and held

3

that an indictment for aggravated robbery that does not include
the mens rea element is not defective as long as it tracks the
language of the statute. State v. Horner, 995 N.E.2d 26, 33-34
(Ohio 2010). Moreover, the Court held that a failure to timely
object to a defect in the indictment, which in Ohio must occur
before trial or pleading guilty, Ohio R. Crim. P. 12(C)(2),
constitutes a waiver of error. Id. at 34. Thus, in this case,
Petitioner's challenge to the sufficiency of the indictment fails
on two counts. First, the indictment tracks the language of the
aggravated robbery statute and thus was not defective as a matter
of state law. Compare Doc. No. 10-1 (indictment) with Ohio Rev.
Code § 2911.01(A)(3) (aggravated robbery definition). Second,
Petitioner waived any claim of error in the indictment by not
raising it before pleading guilty.

Petitioner's objections do not raise any substantial
argument controverting the Report and Recommendation and they
are, therefore, **OVERRULED.** According, the Court **ADOPTS** the
Report and Recommendation; Respondent's motion to dismiss is
well-taken and is **GRANTED.**

A certificate of appealability will not issue with
respect to this order because under the first prong of the
applicable two-part standard established in Slack v. McDaniel,
529 U.S. 473, 484-85 (2000), "jurists of reason" would not find
it debatable whether this Court is correct in its procedural

4

rulings. Additionally, Petitioner has failed to make a substantial showing of the denial of a constitutional right because reasonable jurists could not debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." Id. at 483-84. Petitioner remains free to request issuance of the certificate of appealability from the Court of Appeals. See 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b).

        With respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith. Therefore, Petitioner is **DENIED** leave to appeal in forma pauperis. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).


        **IT IS SO ORDERED**


Date January 24, 2011            s/Sandra S. Beckwith
                                Sandra S. Beckwith
                       Senior United States District Judge